UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| JEROME A. CARIASO | : CASE NO. 17-31736-AMN-13 |
| | : |
| Debtor. | : August 31, 2018 |

**MOTION TO DISMISS CHAPTER 13 CASE**

     Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") represents that the above-captioned Debtor ("Debtor") has failed to properly prosecute this bankruptcy case in one or more of the following respects. The Trustee seeks dismissal of the case for cause pursuant to 11 U.S.C. Section 1307(c) based on the deficiencies indicated below.

     If the deficiencies set out below are remedied and the case is not dismissed, notice is hereby given to the Debtor that the Trustee may also seek dismissal of the Chapter 13 case at the hearing on confirmation of the Debtor's Chapter 13 plan. If the Debtor cannot confirm a plan for any reason, then the Trustee will request at the confirmation that the case be dismissed under 11 U.S.C. Section 1307(c)(5).

1. <u>The Debtor has failed to maintain plan payments</u>: Section 1326(a) of the Bankruptcy Code requires the Debtor to start making plan payments within 30 days of the time (s)he filed the plan or the case, whichever is earlier. The Debtor filed this case on November 15, 2017, and a Plan (ECF #5, the "Plan") on November 16, 2017. The Debtor should have paid a total of $13,732.00. To date, the Debtor is overdue in the amount of $4,930.00. Given the failure to make payments, it appears that the Debtor will be unable to comply with 11 U.S.C. §1325(a)(6) by making all payments and complying with the Plan.

Receipts and Refunds through 08/29/2018
Case Number: 1731736
Debtor: CARIASO, JEROME A.

| Date: | Period | Transaction Type | Source: | Check/MO# | Funds In | Funds Out |
|---|---|---|---|---|---|---|
| 08/13/2018 | 08/2018 | Receipt | Personal Check | 24783984 | 978.00 | 0.00 |
| 07/13/2018 | 07/2018 | Receipt | Personal Check | 15672143 | 978.00 | 0.00 |
| 06/14/2018 | 06/2018 | Receipt | Personal Check | 7678939 | 978.00 | 0.00 |
| 05/16/2018 | 05/2018 | Receipt | Personal Check | 99102522 | 978.00 | 0.00 |
| 04/13/2018 | 04/2018 | Receipt | 89{149:22} | 910237 | 978.00 | 0.00 |
| 03/15/2018 | 03/2018 | Receipt | 81{154:6} | 498815 | 978.00 | 0.00 |
| 02/20/2018 | 02/2018 | Receipt | 73{170:5} | 448487 | 978.00 | 0.00 |
| 01/12/2018 | 01/2018 | Receipt | 64{146:36} | 95204 | 978.00 | 0.00 |
| 12/14/2017 | 12/2017 | Receipt | 55{144:17} | 377404 | 978.00 | 0.00 |
| Paid This Period: 8,802.00 | | | | | 8,802.00 | 0.00 |

2. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:

      a. Bank statements for the Capital One account from 5/1/17 – 10/31/17 and from 4/30/18 – present;
      b. Bank statements for Union Bank account from 12/1/17 – present;
      c. Explanation regarding various banking transactions;
      d. Evidence of all income received from 5/3/18 – present;
      e. 2017 Federal and State Income Tax Returns;
        f. 2016 W-2s, 1099s etc.

3. <u>The Plan is required to pay priority claims in full pursuant to 11 U.S.C. § 1322(a)(2).</u> The Internal Revenue Service has filed an estimated claim due to unfiled tax returns, which claim needs to be resolved prior to confirmation.

4. <u>The Plan does not provide for appropriate interest on a secured claim and</u>, consequently, the proposed distribution under the Plan to this creditor does not reflect a value as of the effective date of the plan that is not less than the allowed amount of the claim.

5. <u>The Plan fails to provide that all of the Debtors' projected disposable income will be applied</u> to make payments to unsecured creditors pursuant to 11 U.S.C. § 1325(b)(1)(b). As the Debtor's income is above median for the State of Connecticut, projected disposable income is determined based on 11 U.S.C. § 1325(b)(3), as calculated through Forms 122B and 122C (Means Test). The Plan provides a dividend to unsecured creditors which is less than the projected disposable income disclosed on the Means Test.

6. <u>The Debtor's Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code</u>.

    Wherefore, the Trustee requests that the court dismiss the case, unless the indicated defects are cured prior to any hearing on this motion.

                        <u>/s/Roberta Napolitano</u>
                        Roberta Napolitano, tr08378
                        Chapter 13 Standing Trustee
                        10 Columbus Blvd., 6th Floor
                        Hartford, CT 06106
                        Tel: (860) 278-9410/Fax: (860) 527-6185
                        Email: <u>rnapolitano@ch13rn.com</u>

## VERIFICATION

The undersigned hereby swears or affirms that the information in the foregoing motion to dismiss is true and accurate to the best of their knowledge and belief as based on a review of the files and records of the Chapter 13 Trustee made and kept in the usual and ordinary course of business.

    /s/Roberta Napolitano
    Roberta Napolitano, tr08378
    Chapter 13 Standing Trustee

Personally appeared before me Roberta Napolitano, Trustee who swore to the truth of the foregoing on the above date.

    /s/Tina Golebiowski
    Tina Golebiowski
    Notary Public
    My Commission Expires: 7/31/2023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE: : CHAPTER 13
JEROME A. CARIASO : CASE NO. 17-31736-AMN-13
:
Debtor. : August 31, 2018

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Motion to Dismiss with proposed order thereon

1. **Parties Served Via First Class Mail:**
   Debtor(s):
   JEROME A. CARIASO
   P.O. BOX 1313
   SOUTHBURY, CT 06488

2. **Parties Served Electronically Include:**
   Debtor's Attorney: GEORGE C. TZEPOS, ESQ.
   Email: zepseven@sbcglobal.net

   Office of the United States Trustee,
   Kim McCabe, Assistant United States Trustee
   Email: ustpregion02.nh.ecf@usdoj.gov

        /s/ Roberta Napolitano
        Roberta Napolitano tr08378
        Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| JEROME A. CARIASO | : CASE NO. 17-31736-AMN-13 |
| | : |
| Debtor. | : |

ORDER DISMISSING CASE UNDER CHAPTER 13

    A Trustee's Motion to Dismiss the above referenced case pursuant to 11 U.S.C. Section 1307(c) having been filed with the court, after notice and hearing, *see* 11 U.S.C. Section 102(1), it is ORDERED that the motion is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.